IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

CORA CLARK                                                                                          PLAINTIFF

v.                                              Case No. 4:17-cv-04075

TYSON FOODS, INC.[1]                                                                      DEFENDANT

## MEMORANDUM OPINION

Before the Court is Defendant Tyson Foods, Inc.'s ("Tyson") Motion for Summary Judgment. ECF No. 18. Plaintiff Cora Clark ("Clark") has not responded to the motion, and the time to do so has passed. The Court finds this matter ripe for consideration.

### I. BACKGROUND

This case is an employment discrimination action brought under the Americans with Disabilities Act of 1990 ("ADA") 42 U.S.C. § 12112 and the Arkansas Civil Rights Act ("ACRA") ARK. CODE ANN. §16-123-107(a)(1). ECF No. 1, p. 5-6. Clark alleges that Tyson, her former employer, manipulated its absence policy in an effort to terminate her employment because of disabilities she incurred as the result of workplace injuries. *Id.* at 7.

On August 21, 2012, Clark was hired as a chicken breast inspector at Tyson's Hope, Arkansas chicken processing plant. ECF No. 20, p. 1. Clark worked consistently at the plant until February 10, 2015, when she was granted a leave of absence for health reasons. *Id.* Clark's leave was eventually extended until August 17, 2015. *Id.* While on leave, Clark underwent surgeries on her neck and back. *Id.* On August 17, 2015, Clark returned to the plant with a full release to

---

[1] Defendant Tyson Foods, Inc. states that it was incorrectly named in Clark's Complaint, and that its proper name is "Tyson Chicken, Inc." For consistency, the Court will continue to refer to the party in this Memorandum Opinion as Tyson Foods, Inc.

return to work without any restrictions. *Id.* Clark never requested an accommodation when she returned from leave. *Id.*

Tyson's Hope plant uses what amounts to a demerit system for tracking employee absences. ECF No. 18-3. When an employee is going to be late or absent from work they call into an automated system to report their absence. ECF No. 18-1, p. 20. Employees who are absent or late for more than half of a shift are given a point, and employees who are absent for less than half of a shift receive one-half a point. ECF No. 18-3. Under this system, if an employee accumulates fourteen total points, their employment is terminated. *Id.* An employee may "work off" points by showing up for work on time and working a full shift for twenty-eight consecutive days. ECF No. 20, p. 3. Additionally, jury duty, bereavement, work-related injury, and other pre-approved absences, are excused and do not result in an employee being assessed points. *Id.*

As of October 27, 2016, Clark had accrued fourteen points worth of absences, and Tyson subsequently terminated her employment. *Id.* Clark then filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). ECF No. 1-2. On August 8, 2017, the EEOC sent Clark a notice-of-right to sue letter. ECF No. 1-3. On August 31, 2017, Clark filed this suit, alleging claims of disability discrimination in connection with her termination from Tyson. ECF No. 1.

On August 16, 2018, Tyson filed its motion for summary judgment and supporting documents (ECF Nos. 18-20), arguing that it is entitled to summary judgment on all of Clark's claims. Clark did not respond to the motion, and her time to do so expired on August 31, 2018. On September 27, 2018, the Court entered a Show Cause Order giving Clark twenty-one days to either show cause why she had not responded to Tysons's summary judgment motion or to file a response to the motion. ECF No. 25. The Show Cause Order warned Clark that failure to respond to the motion could result in the Court granting summary judgment and dismissing her case. As

of the date of this Memorandum Opinion, Clark has not filed a response to Tyson's Motion for Summary Judgement.

Local Rule 7.2(b) of the United States District Courts for the Eastern and Western District of Arkansas provides a fourteen-day period for nonmoving parties to respond to a summary judgment motion. Federal Rule of Civil Procedure 56(e) states that a court may deem undisputed a party's asserted fact if it is not properly controverted by the other party pursuant to Rule 56(c). Similarly, Local Rule 56.1(c) states that all material facts asserted in the moving party's statement of facts shall be deemed admitted if they are not controverted by the nonmoving party's own statement of facts. Federal Rule of Civil Procedure 56(c)(1) provides that a party asserting a genuine dispute of material fact must support the assertion by either citing to materials in the record or by showing that the cited materials do not establish the absence or presence of a genuine dispute.

Clark did not respond to Tyson's summary judgment motion or properly dispute any of Tyson's asserted facts within the Court extended response period. Therefore, all facts asserted in Tyson's statement of facts are deemed admitted for the purpose of deciding summary judgement. *See Chaffin v. City of Fort Smith*, No. 05-cv-2061 JLH, 2005 WL 3805977, at *1 (W.D. Ark. Oct. 19, 2005).

## II. LEGAL STANDARD

"Summary judgment is appropriate if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Hess v. Union Pac. R.R. Co.*, 898 F.3d 852, 856 (8th Cir. 2018) (citation omitted). Summary judgment is a "threshold inquiry of . . . whether there is a need for trial—whether, in other words, there are genuine factual issues that properly can be resolved only by a finder of fact because they reasonably may be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A

fact is material only when its resolution affects the outcome of the case. *Id.* at 248. A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party. *Id.* at 252.

In deciding a motion for summary judgment, the Court must consider all the evidence and all reasonable inferences that arise from the evidence in a light most favorable to the nonmoving party. *Nitsche v. CEO of Osage Valley Elec. Co-Op*, 446 F.3d 841, 845 (8th Cir. 2006). The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *See Enter. Bank v. Magna Bank*, 92 F.3d 743, 747 (8th Cir. 1996). The nonmoving party must then demonstrate the existence of specific facts in the record that create a genuine issue for trial. *Krenik v. Cnty. of LeSueur*, 47 F.3d 953, 957 (8th Cir. 1995). However, a party opposing a properly supported summary judgment motion "may not rest upon mere allegations or denials . . . but must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256.

"There is no 'discrimination case exception' to the application of summary judgment, which is a useful pretrial tool to determine whether any case, including one alleging discrimination, merits a trial." *Torgerson v. City of Rochester*, 643 F.3d 1031, 1043 (8th Cir. 2011). Accordingly, the Court applies the same summary judgment standard to discrimination cases as it does to all others.

### III. DISCUSSION

Tyson argues that both Clark's ADA claim and ACRA claim fail as a matter of law, and that it is therefore entitled to summary judgement. The analysis for ADA and ACRA claims is the same. Consequently, the Court will examine Clark's ADA and ACRA claims together.

### A. ADA and ACRA Claims

The ADA makes it unlawful for a covered employer to discriminate against any qualified individual on the basis of disability. *Hill v. Walker*, 737 F.3d 1209, 1216 (8th Cir. 2013) (internal quotation omitted). Similarly, the ACRA articulates that qualified persons have the "right to be free from discrimination because of . . . physical disability" including, "[t]he right to obtain and hold employment without discrimination." ARK. CODE ANN. § 16-123-107(a)(1). Disability discrimination claims brought under either statute are subject to the same analysis. *Greer v. Emerson Elec. Co.*, 185 F.3d 917, 920 (8th Cir. 1999). Plaintiffs must provide "either direct evidence of discrimination or create an inference of it under the *McDonnell Douglas* burden-shifting framework" to defeat a motion for summary judgment on a discrimination claim. *Lors v. Dean*, 746 F.3d 857, 865 (8th Cir. 2014).

Because Clark provided no direct evidence of disability discrimination, she must create an inference of unlawful discrimination under the *McDonnel Douglas* framework. *Jackson v. United Parcel Serv., Inc.*, 548 F.3d 1137, 1140 (8th Cir. 2008) (internal quotation omitted). Under this framework, plaintiffs bear the burden of establishing a *prima facie* case of discrimination. *Id.* If the plaintiff meets this initial burden, there is a presumption of unlawful discrimination and the defendant must then "articulate a legitimate, non-discriminatory reason for the adverse employment action." *Blackwell v. Alliant Techsystems, Inc.*, 822 F.3d 431, 435 (8th Cir. 2016). If the defendant carries this burden, the plaintiff must then "prove the proffered justification is merely a pretext for discrimination." *Id.* The Court will now apply each step of the *McDonnell Douglas* framework to Clark's claims.

#### 1. *Prima Facie* Case

As noted above, the plaintiff bears the initial *McDonnell Douglas* burden of establishing a *prima facie* case of disability discrimination. "To establish a prima facie case of discrimination

under the ADA, a plaintiff must demonstrate (1) her condition qualifies as a disability within the meaning of the ADA; (2) she is qualified to perform the essential functions of the job, with or without reasonable accommodation; and (3) she has suffered an adverse employment action due to her disability. *Samuels v. Ks. City Mo. Sch. Dist.*, 437 F.3d 797, 801 (8th Cir. 2006).

The first question the Court must address in determining whether Clark has made a *prima facie* disability discrimination claim is whether Clark is disabled within the meaning of the ADA. Under the ADA, a plaintiff is disabled when her impairment creates a "substantial limitation" on "one or more major life activities." 42 U.S.C. § 12102(1)(A). This definition encompasses actual "physical or mental impairment[s]," as well as those with "a record of such an impairment," or those "regarded as having such an impairment." 42 U.S.C. § 12102(1).

In the instant case, it is undisputed that Clark had surgery on her neck and back during her leave of absence. ECF No. 20, p. 1. However, Clark has provided no evidence to show that she was in any way impaired in the performance of her job or any other life activities. Moreover, Tyson has shown that Clark was fully cleared by a physician to return to work without any medical restrictions. ECF No. 18-5. Consequently, the Court finds that Clark was not disabled within the definitions set out in the ADA. However, assuming *arguendo* that Clark has proven she was disabled, the Court continues its analysis.

The Court must next address whether Clark was capable or performing the essential functions of her job, with or without reasonable accommodation. It is undisputed that Tyson's proffered reason for terminating Clark was her violating Tyson's attendance policy. ECF No. 20, p. 2. Tyson argues that because of Clark's absenteeism she was unable to perform any of the functions of her job including essential ones.

The Eighth Circuit has repeatedly held that "'regular and reliable attendance is a necessary element of most jobs.'" *Pickens v. Soo Line R.R. Co.*, 264 F.3d 773, 777 (8th Cir. 2001) (quoting *Greer v. Emerson Elec. Co.*, 185 F.3d 917, 921 (8th Cir. 1999)). Additionally, "an employee who is unable to come to work on a regular basis [is] unable to satisfy any of the functions of the job in question, much less the essential ones." *Pickens*, 264 F.3d at 777 (quoting *Moore v. Payless Shoe Course, Inc.*, 187 F.3d 845, 848 (8th Cir. 1999)). Tyson has demonstrated that Clark was consistently absent from work and was terminated pursuant to the company's standard attendance policy which she was aware of. ECF No. 18-3; ECF No. 20, p. 2. Therefore, the Court finds that Clark was incapable of performing the essential functions of her job.

The final question the Court must address is whether Clark's employment was terminated because of her disability. Clark has failed to provide any evidence that she was terminated for being disabled other than her own unsupported allegations. This is insufficient to create an issue of fact sufficient to thwart a motion for summary judgement. *See Gibson v. Am. Greetings Corp.*, 670 F.3d 844, 854-55 (8th Cir. 2012); *Davenport v. Riverview Gardens Sch. Dist.*, 30 F.3d 940, 945 (8th Cir. 1994). Therefore, the Court finds that Clark has failed to prove that Tyson terminated her employment because of any alleged disability.

In sum, the Court finds that Clark has failed to make out a *prima facie* case of disability discrimination.

### 2. Legitimate Non-Discriminatory Reason

Assuming *arguendo* that Clark can overcome her *prima facie* burden, the Court will complete the *McDonnell Douglas* analysis.

In the second step of *McDonnell Douglas*, the defendant must "articulate a legitimate, non-discriminatory reason for the adverse employment action." *Blackwell*, 822 F.3d at 435. This

burden is a light one, as it is "one of production, not persuasion; it 'can involve no credibility assessment.'" *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 142 (2000) (quoting *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 509 (1993)). The Eighth Circuit has held that failure to follow an established company policy is a legitimate, non-discriminatory reason to act. *Twymon v. Wells Fargo & Co.*, 462 F.3d 925, 935 (8th Cir. 2006) (citing *Putman v. Unity Health Sys.*, 348 F.3d 732, 736 (8th Cir. 2003)).

Tyson argues and has provided substantial evidence that it only fired Clark according to company policy after she accumulated the standard fourteen points worth of absences. ECF No. 18-3; ECF No. 20, p. 1. Tyson has also demonstrated that Clark was aware of the point-based attendance policy and that Clark was able on numerous occasions to work off absence points. ECF No. 20, p. 3. Specifically, Tyson has provided a detailed accounting of Clark's points since she returned to work on August 17, 2015. ECF No. 18-3. This accounting was signed by Clark. *Id.* Clark makes unsupported allegations that Tyson gave her points on days she had excused absences for doctor visits in an effort to fire her because of her disability. However, Clark also alleges that she has erroneously received absence points since she began work at the plant in 2012, effectively undercutting her argument that any discrepancies in absences were based on disability. ECF No. 18-1, p. 20. Therefore, the Court finds that Tyson has submitted a legitimate, non-discriminatory reason for terminating Clark. Thus, the burden shifts back to Clark to demonstrate that this reason was a mere pretext for discrimination.

### 3. Pretext

Clark has failed to show that Tyson's proffered reason for her termination is merely a pretext for discrimination. Clark has offered no evidence to satisfy this burden, other than her own unsupported allegations, which are insufficient to prove pretext. *See Gibson*, 670 F.3d at 854-55; *see also Hopper v. Hallmark Cards, Inc.*, 87 F.3d 983, 988 (8th Cir. 1996) ("Although we must

8

give [the plaintiff] the benefit of all reasonable inferences, we may not accord him the benefit of unreasonable inferences."). Therefore, the Court finds that Clark has failed to prove that Tyson's proffered non-discriminatory reason for her termination was a mere pretext.

The undisputed material facts demonstrate that Clark's disability discrimination claims under both the ADA and ACRA fail as a matter of law. Accordingly, the Court finds that Tyson's summary judgement motion should be granted.

## IV. CONCLUSION

For the reasons above, the Court finds that Tyson's Motion for Summary Judgment (ECF No. 18) should be and is hereby **GRANTED**. Clark's case is **DISMISSED WITH PREJUDICE**. A separate Judgment consistent with this Opinion will be entered.

**IT IS SO ORDERED**, this 25th day of October, 2018.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge